PROB 12C
(6/16)

Report Date:  March 9, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 09, 2021

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Justin Richard Byers          Case Number: 0980 2:16CR00116-TOR-1

Address of Offender:                    Spokane, Washington 99201

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: February 28, 2017

| | |
|---|---|
| Original Offense: | Possession with Intent to Distribute 100 Grams or More of Heroin, 21 U.S.C. § 841(a)(1), (b)(1)(B)(I) |

| | | |
|---|---|---|
| Original Sentence: | Prison - 60 months<br>TSR - 72 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Caitlin A. Baunsgard | Date Supervision Commenced: February 12, 2021 |
| Defense Attorney: | Federal Defender's Office | Date Supervision Expires: February 11, 2027 |

### PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #6**:  You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: On or about February 21, 2021, it is alleged that Justin Byers violated special condition number 6 by consuming methamphetamine.

On February 17, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Byers, as outlined in the judgement and sentence.

On February 23, 2021, the offender was instructed to report to Pioneer Human Services (PHS) for initial urinalysis testing.  Approximately 2 hours later, Mr. Byers contacted this officer and requested to submit to an oral swab in lieu of a urinalysis test, as he does with the Washington State Department of Corrections (WA DOC).  He claimed to have a medical condition that prohibited him from providing a valid sample, although he had made no mention of such a condition during his intake or earlier that day, when he was instructed to report for testing.

Prob12C
**Re: Byers, Justin Richard**
**March 9, 2021**
**Page 2**

Later in the conversation, on February 23, 2021, Justin Byers eventually admitted he had relapsed and consumed methamphetamine on or about February 21, 2021. The undersigned officer subsequently instructed the offender to report to PHS for urinalysis testing, as previously instructed, where he could sign an admission of use form.

2    **Special Condition #6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged that Justin Byers violated special condition number 6 on February 23, 2021, by failing to report for random urinalysis testing as instructed.

On February 17, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Byers, as outlined in the judgement and sentence.

On February 23, 2021, the offender was instructed to report to PHS for initial urinalysis testing. He attempted to suggest he had a medical condition that prohibited him from providing a urine sample, but eventually admitted to the use of methamphetamine. Despite his admission, Mr. Byers was instructed to report to PHS to submit to urinalysis testing and sign an admission of use form.

On February 24, 2021, this officer received notification from PHS that the offender failed to report for urinalysis testing on February 23, 2021, as instructed.

3    **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: On March 1, 2021, it is alleged that Justin Byers violated standard condition number 2 by failing to report to the probation officer as instructed.

On February 17, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Byers, as outlined in the judgement and sentence.

On February 26, 2021, the offender was instructed to check-in with the undersigned officer on March 1, 2021.

On March 1, 2021, Mr. Byers failed to check-in with this officer as instructed.

4    **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: On March 4, 2021, it is alleged that Justin Byers violated standard condition number 2 by failing to report to the probation officer as instructed.

Prob12C
**Re: Byers, Justin Richard**
**March 9, 2021**
**Page 3**

On February 17, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Byers, as outlined in the judgement and sentence.

On March 3, 2021, this officer attempted to contact Mr. Byers via a phone call and text message, after he failed to check-in on March 1, 2021, but was unsuccessful. Approximately 4 hours later, the offender sent this officer a text message claiming that his phone was broken and he could only accept text messages. Mr. Byers further stated in his text message: "I know I have not been a compliance" and "I've relapsed and I messed up." The undersigned responded by asking if he would be available to meet the undersigned at the federal courthouse the next morning, so he could sign an admission of use form and discuss the options. The undersigned also suggested that contacting PHS to schedule a substance abuse assessment be "at the top of (his) list of things to do." The offender did not respond.

On the morning of March 4, 2021, the undersigned officer sent the offender a text message informing him that the undersigned was at the federal courthouse and inquired about his location. Mr. Byers responded to this officer and claimed he had just received the text message asking him to meet with the undersigned. He further claimed he was unavailable to meet on that date because "it's my grams b day today."

This officer responded to Mr. Byers informing him that there were "no plans of arresting (him)" and instructing him to report to the federal courthouse at 3 p.m. on March 4, 2021. The offender failed to report to the federal courthouse as instructed by this officer.

The U.S. Probation Office respectfully recommends the Court issue a **warrant** requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   03/09/2021

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

## THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

Thomas O. Rice
United States District Judge

March 9, 2021

Date